UNITED STATES DISTRICT COURT

SOUHTERN DISTRICT OF TEXAS



| | |
|---|---|
| DENIS GRIFFITH,<br>*on behalf of himself and all others<br>similarly situated*<br><br>Plaintiff,<br><br>v.<br><br>PLASTIQ, INC., *and*<br>KLEINER PERKINS CAUFIELD<br>& BYER,<br><br>Defendants. | CASE NO.: _____<br><br>**CLASS ACTION COMPLAINT FOR:**<br><br>1. **Violations of the Electronic Funds Transfer Act (15 U.S.C. § 1693 *et seq.*)**<br>2. **Bailment**<br>3. **Deceptive Trade Practices (Texas Bus. & Comm. Code §§ 17.46 – 17.60.)**<br><br>**JURY TRIAL REQUESTED** |

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff DENIS GRIFFITH ("Griffith"), on behalf of himself and all others similarly situated, and files this, his Original Complaint against Defendants PLASTIQ, INC. ("Plastiq") and KLEINER PERKINS CAUFIELD & BYER ("Kleiner Perkins"), and in support would show this Honorable Court as follows:

## NATURE OF THE ACTION

1. Griffith brings this complaint against Plastiq and Kleiner Perkins for redress in the form of statutory damages, actual damages, and attorney fees under the Electronic Funds Transfer Act ("EFTA"), 15 U.S.C. § 1693 *et seq.*, actual damages under the Texas common law claim

of bailment and punitive damages thereto; and treble actual damages, injunctive relief, and attorney fees, per the Texas Deceptive Trade Practices Act ("TDTPA") § 17.50.

2. These claims arise from damages suffered by Griffith because Plastiq mishandled, lost, and failed to render an electronic payment for rent, which needed to be paid on time and which Griffith entrusted Plastiq to pay on time.

3. Plastiq's failure to make Griffith's rent payment on time, as well as Plastiq's failure to remedy the damages this failure caused to Griffith, all occurred despite Griffith repeatedly advising Plastiq that he had been and was continuing to be damaged by Plastiq's failures.

## PARTIES

4. Plaintiff Denis Griffith is a natural person and a resident of Houston, Texas.

5. Defendant Plastiq, Inc. is a Delaware corporate entity doing business in the County of San Francisco, State of California. Plastiq may be served with process through its registered agent, Eliot Buchanan, at 1475 Folsom St., Suite 400, San Francisco, CA 94103

6. Defendant Kleiner Perkins Caufield & Byers is a venture capital firm domiciled in and doing business in the County of San Francisco, State of California. Kleiner Perkins may be served with process via Jason Doren, its General Counsel, at its corporate headquarters at 2750 Sand Hill Rd, Menlo Park, CA 94025.

## JURISDICTION AND VENUE

7. Federal courts have subject matter jurisdiction over EFTA (15 U.S.C. § 1693 *et seq.*) claims under 28 U.S.C. §§ 1331, 1337(a). The Texas state law claims for unfair business practices

and for bailment arise out of the same set of facts as the federal claim, so this Court has supplemental jurisdiction over these state law claim per 28 U.S.C. § 1367.

8. This Court has jurisdiction over Plastiq and over Kleiner Perkins, because Plastiq and Kleiner Perkins both conduct business in this District.

9. Venue is proper pursuant to 28 U.S.C. § 1391(d), because Plastiq transacts significant business in this District.

## FACTUAL BACKGROUND

10. Plastiq is a company that offers a bill payment service to customers. This service is touted by Plastiq as allowing consumers to pay virtually any of their bills via credit card, even bills which traditionally are paid by check or cash-- such as rent.

11. Kleiner Perkins is a venture capital firm who funded Plastiq in 2018, and whose general partner, Ilya Fushman, sits on the Plastiq Board of Directors and thus participates in the control and direction of Plastiq's business practices.

12. On or about January 1, 2019, Griffith enlisted Plastiq's services to pay his January 2019 rent on a certain property. He transmitted to Plastiq money to be held in a bailment relationship, via a payment to Plastiq from Griffith's American Express credit card, which Plastiq in turn was supposed to deliver to Griffith's landlord in a timely fashion.

13. Despite receiving Griffith's American Express payment for the rent, Plastiq failed to deliver Griffith's rent to his landlord on time, failed to explain why, and failed to take responsibility for its failure to deliver Griffith's rent on time.

14. During the month of January 2019, due to Plastiq's failure to deliver Griffith's rent payment to Griffith's landlord, Griffith incurred late fees from his landlord, faced the threat of eviction, and was forced to incur a tax penalty to liquidate funds from his 401(k) in order to pay rent.

15. Plastiq refused to perform any common sense remedy to mitigating Griffith's damages.

16. For example, Griffith asked Plastiq to stop payment on the lost check from Plastiq to Griffith's landlord, issue a new check for the rent payment, and to FedEx the replacement check to Griffith's landlord. Plastiq refused and told Griffith it could only issue a refund to American Express, which would not appear as available credit for weeks and certainly would not help Griffith pay his late rent.

17. All told, Griffith was damaged in the form of late fees billed to him by his landlord, losses to his 401(k) due to early withdrawal, losses to his brokerage account, and suffered increased interest on his student loans because of a lowered credit score.

18. Plastiq's Twitter feed over the past year contains numerous customer complaints very similar to Plaintiff's.

## FIRST CAUSE OF ACTION –

## VIOLATIONS OF THE ELECTRONIC FUNDS TRANSFER ACT
## (15 U.S.C. 1693 *et seq.*)

19. Griffith re-alleges paragraphs 1 through 18 above, and incorporates them herein by reference.

20. Per 15 U.S.C. § 1693h(a), "a financial institution shall be liable to a consumer for all damages proximately caused by … the financial institution's failure to make an electronic

fund transfer, in accordance with the terms and conditions of an account, in the correct amount or in a timely manner when properly instructed to do so by the consumer…"

21. Because Plastiq failed to make the electronic funds transfer to pay Griffith's rent in a timely fashion, after Griffith entrusted Plastiq to do so, Plastiq is liable to Griffith for damages proximately caused by Plastiq's actions.

22. Per 15 U.S.C. § 1693m, the EFTA permits a private right of action for violations of the Act on both an individual and on a class basis.

23. Kleiner Perkins is liable to Grffith and/or the Class Members, under the theory of *respondeat superior*.

## SECOND CAUSE OF ACTION –
## DECEPTIVE TRADE PRACTICES (TEX. BUS. & COMM. CODE § 17.46 – 17.60)

24. Griffith re-alleges paragraphs 1 through 18 above, and incorporates them herein by reference.

25. Plastiq's failure to deliver a time-sensitive rent payment on time, and the subsequent failure to remedy the problems caused therefrom, is an deceptive and unfair business practice within the meaning of the Texas DTPA.

26. DTPA § 17.50 entitles Griffith and all others similarly situated to **treble** actual damages, an injunction ordering Plastiq to cease engaging in the unlawful or unfair business practices described herein, and reasonable attorney fees.

## THIRD CAUSE OF ACTION --
## BAILMENT

27. Griffith re-alleges paragraphs 1 through 18 above, and incorporates them herein by reference.

28. Griffith delivered and entrusted his credit card funds to Plastiq for the sole purpose of receiving Plastiq's bill payment service and thus having their bills paid on a timely basis.

29. During the time of bailment, Plastiq owed Griffith a duty to safeguard their credit card funds and deliver them on a timely basis on or before the due date. Plastiq breached this duty to Griffith and proximately caused Griffith damages as described herein.

30. Griffith seeks actual damages and punitive damages as allowed by Texas common law.

## CLASS ALLEGATIONS

31. Plaintiff, Denis Griffith, brings this action individually and as a Class Action on behalf of all consumers similarly situated, from July 2018 to the present, who entrusted Plastiq to pay a time-sensitive bill and who suffered actual damages proximately caused by Plastiq's failure to pay those bills on or before the bills' due dates.

32. The Class consists of potentially hundreds of consumers who entrusted their timely bill payment to Plastiq and who were damaged by Plastiq's failure to timely deliver the consumers' bill payments. Plastiq's Twitter feed over the past year is replete with customer complaints very similar to Plaintiff's.

33. Plaintiff Griffith's claims are typical of the claims of each Class, as they are all based on the same type of transaction. Common questions of law or fact raised by this class action complaint affect all members of each Class and predominate over any individual issues, because at issue is the fact that Plastiq fails to deliver bill payments on time despite its guarantee to the contrary. Common relief is therefore sought on behalf of all members of each Class. This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

34. The prosecution of separate actions by individual members of each Class would create a risk of inconsistent or varying adjudications with respect to the individual members of each Class, and a risk that any adjudications with respect to individual members of each Class would, as a practical matter, either be dispositive of the interests of other members of each Class not party to the adjudication, or substantially impair or impede their ability to protect their interests.

35. Plaintiff Griffith will fairly and adequately protect and represent the interests of each Class. The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendant's conduct was perpetrated on all members of each Class and will be established by common proof. Moreover, Plaintiff Griffith has retained counsel experienced in federal litigation, including class action matters.

## **PRAYER FOR RELIEF**

Wherefore, premises considered, Plaintiff DENIS GRIFFITH respectfully prays for judgment in his favor against Defendants Plastiq and Kleiner Perkins as follows:

 a. On an individual basis, statutory damages of no less than $100.00 and no more than $1,000.00, per EFTA § 1693m(2);
 b. On a class basis, statutory damages of not more than the lesser of $500,000 or 1 per centum of the net worth of the Defendants, per EFTA § 1693m(2);
 c. Reasonable attorney fees, per EFTA § 1693m(3);
 d. Actual damages, according to proof, for the common law claim of bailment, and punitive damages;
 e. Treble actual damages, injunctive relief, and reasonable attorney fees as authorized by the DTPA § 17.50;

f. Apportion liability between Plastiq and Kleiner Perkins according to the Texas rules of joint and several liability, Tex. Civ. Prac. § 33.013.

g. Any other relief to which this Court may find Griffith entitled.

## JURY DEMAND

Griffith requests a trial by jury.

DATED: June 14, 2019

Respectfully Submitted:

Robert Zimmer
State Bar No. 24098662
*(motion for admission pro hac vice pending)*

Zimmer & Associates
707 West Tenth Street
Austin, Texas 78701
Phone: (512) 434-0306
FAX: (310) 943-6954
zimmerlawTX@gmail.com

**ATTORNEY FOR PLAINTIFF,
DENIS GRIFFITH**